```
               IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NORTH DAKOTA
                       SOUTHEASTERN DIVISION
```

United States of America,           )
                                    )
            Plaintiff,              )
                                    )   Criminal No. 3:02-cr-47-01
      vs.                           )
                                    )
Michael Gerald Gamboa               )
                                    )
            Defendant.              )

**O R D E R**

Before the Court are the Defendant Michael Gamboa's motions of July 10, 2006, and October 13, 2006.  In his July motion, Gamboa objects to the Court's order on remand from the Eighth Circuit, arguing that he should have been granted a hearing and counsel and that he is entitled to a new trial (doc. #418).  In his October motion, Gamboa requests the Court unseal several Government motions related to his co-defendants, arguing his due process rights have been violated (doc. #421).  Both motions are **DENIED**, but the Court **ORDERS** the Clerk of Court to forward a copy of the order on remand and the amended judgment to the United States Probation Office ("USPO") and the United States Bureau of Prisons ("BOP").

**I.    July Motion**

Gamboa argues the Court erred when it vacated his conviction for possession of a firearm by a fugitive from justice ("Count Seven") (doc. #416) without a hearing or appointment of counsel. On Gamboa's appeal, the Eighth Circuit held that Gamboa's

1

convictions as a felon in possession of a firearm and a fugitive from justice in possession of a firearm arose from the same possession, violated double jeopardy, and could only be one offense. <u>United States v. Gamboa</u>, 439 F.3d 796, 808 (8th Cir. 2006). The Circuit's opinion directed the Court to "vacate the conviction, the sentence, and the special assessment imposed on that Count." <u>Id.</u> That is precisely what the Court did (doc. #416). However, vacating Count Seven did not affect Gamboa's sentence. Therefore, the Court had no reason to consult the parties or conduct another sentencing hearing but was allowed to enter an amended judgment reflecting the Circuit's order (doc. #417). Gamboa's objection to not holding a new hearing is **DENIED**.

Gamboa also requests an extension of time to file a new trial motion because he argues the vacating of Count Seven entitles him to a new trial. The Circuit did not order a new trial; it ordered the vacating of Count Seven. Federal Rule of Criminal Procedure 33 requires a motion for new trial be filed seven days after the verdict of guilt if it is for reasons other than newly discovered evidence. This motion was not made after the conviction and is therefore untimely. Gamboa's motion for extension of time to file a motion for new trial is **DENIED**.

Gamboa correctly notes, however, that the order on remand and amended judgment were not forwarded to the USPO or the BOP to be attached to the presentence investigation report. The Court

**ORDERS** the Clerk of Court to forward a copy of the order on remand (doc. #416) and the amended judgment (doc. #417) to the USPO and the BOP.

## II.  October Motion

Gamboa argues the Court must unseal the substantial assistance departure motions of several co-defendants because otherwise his due process rights would be violated.  Gamboa contends the motions are directly relevant to the Government's duty to produce discovery.  Gamboa also questions the sentences given to the co-defendants compared to his sentence.

However, Gamboa has not made any allegations in how the Government has not complied with its duty to produce discovery or how the substantial assistance motions will assist him. Furthermore, these due process arguments related to discovery and the justifications for the sentences of the various defendants were issues fully developed before appeal and could have been raised.  They were not and are, therefore, untimely and waived. Gamboa has not shown a need that would defeat the Government's interest of protecting the information contained in the motions. Therefore, Gamboa's motion to unseal these motions is **DENIED**.

**IT IS SO ORDERED.**

Dated this 12th day of January, 2007.

RODNEY S. WEBB, District Judge
United States District Court

3