IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

United States of America,            )

    Plaintiff-Respondent,            )

                        )            Civil No. 3:07-CV-100

v.            )            Crim. No. C3 02 47 01 RSW

                        )

Michael Gerald Gamboa,            )

    Defendant-Movant.            )

---

**PROPOSED EXPANSION OF THE RECORD SUBMITTED PURSUANT TO
RULE 7 OF THE RULES GOVERNING § 2255 PROCEEDINGS**

---

MICHAEL GERALD GAMBOA
REG. NO. 06940-059
FEDERAL CORRECTIONAL COMPLEX
UNITED STATES PENITENTIARY COLEMAN II
POST OFFICE BOX 1034
COLEMAN, FLORIDA 33521

DEFENDANT-MOVANT / PRO SE

STATE OF NORTH DAKOTA                          IN DISTRICT COURT

COUNTY OF CASS

**IN RE SEARCH WARRANTS DATED MAY 22, 2002 FOR:**

The Premises located at 2705 -       )     **APPLICATION TO SEAL SEARCH**
5th Avenue South, to include         )           **WARRANT AND RETURN**
the entire building except the       )
portion of the building              )
occupied by Johnson Company,         )
Fargo, Cass County, North            )
Dakota.                              )
                                     )

---

    Plaintiff, State of North Dakota, by and through Assistant

Cass County State's Attorney Mark R. Boening, moves the Court to

seal the above search warrant and any return upon execution of

the Search Warrant currently on file or to be filed with the

Clerk of the District Court for the reasons set out in the

attached affidavit of Mark R. Boening.

    Date this 30th day of May, 2002.


Mark R. Boening, NDID 3797
Assistant State's Attorney
Cass County Courthouse
P.O. Box 2806
Fargo, North Dakota
241-5850


EXPANDED RECORD

NO. _1_

81148

STATE OF NORTH DAKOTA

IN DISTRICT COURT

COUNTY OF CASS

**IN RE SEARCH WARRANTS DATED MAY 22, 2002 FOR:**

The Premises located at 2705 -
5th Avenue South, to include
the entire building except the
portion of the building
occupied by Johnson Company,
Fargo, Cass County, North
Dakota.

)
)
)   **AFFIDAVIT OF MARK R. BOENING**
)
)
)
)
)

---

STATE OF NORTH DAKOTA)
                      )   SS.
COUNTY OF CASS        )

Mark R. Boening, Assistant Cass County States Attorney,
being first duly sworn, deposes and states as follows:

1.  That I am the prosecuting attorney in the above-matter.

2.  That the above search warrant(s) have been executed
pursuant to an intensive investigation involving the sale of
controlled substances, firearms violation, armed robbery and
terrorizing in the Fargo-Moorhead area.

3.  That continued investigation needs to be completed prior
to your affiant filing charges in this matter.

4.  That the this matter has already received extensive
media coverage.

5.  That if the information included in the above search
warrant became available to the general public or the suspects in
this case, it would severely limit law enforcement's ability to

thoroughly and completed investigate this matter.

Therefore, the State request that the above-referenced Search Warrant and any return upon execution of the Search Warrant be sealed until charges in the above-matter are filed, or until the Court determines that it is no longer necessary to have these records sealed.

Dated this 30th day of May, 2002.

Mark R. Boening, NDID #3797
Assistant State's Attorney
Cass County Courthouse
Fargo, ND  58103
(701) 241-5850

Subscribed and sworn to me this 30th day of May, 2002.

Notary Public

DEBRA L. WHEELER
Notary Public, STATE OF NORTH DAKOTA
My Commission Expires JUNE 3, 2005

01150

# PEARSON CHRISTENSEN

### (A PROFESSIONAL LIMITED LIABILITY PARTNERSHIP)

## A REGIONAL LAW FIRM SINCE 1958

Lawyers Licensed in North Dakota, Minnesota, Montana and California

Linda E. Bata
Douglas A. Christensen
Richard A. Clapp *
Jay Fiedler
Ronald F. Fischer
Daniel L. Gaustad
James D. Hovey
Jon J. Jensen
Garry A. Pearson
Erin M. Diaz
Margaret Moore Jackson
Amber Holweger - Paralegal
Jodie Hasbrouck-Wagner, CLA

24 North 4th Street
P.O. Box 5758
Grand Forks, ND 58206-5758

Phone: (701) 775-0521
Fax: (701) 775-0524
www.grandforkslaw.com

* Certified Civil Trial Specialist
Minnesota State Bar Association and
National Board of Trial Advocates

**HAND-DELIVERED**

July 1, 2002

Michael Gamboa
Grand Forks County Correctional Center
P.O. Box 5244
Grand Forks, ND  58206-5244

     RE:   USA v. Gamboa

Dear Mr. Gamboa:

This correspondence is simply to confirm your decision to reject the government's 20-year offer and proceed to trial with your case. As Mr. Hovey and I have reviewed with you on several occasions, the government is standing firm on its 20-year offer. If you reject this offer at this time, the government is stating that it will no longer be on the table as an option for you. Mr. Hovey and I have explained the nature of the charges against you, and you have acknowledged your understanding that a conviction may result in life in prison without the possibility of parole. Mr. Hovey and I further advised you that if you did proceed to accept the government's offer, because we have not been provided any discovery whatsoever, cooperation would result in the waiving of any possible valid defenses.

As you have indicated your wish to proceed with this matter and reject the government's offer, we will proceed with efforts to obtain discovery on this matter prior to any indictment being issued. Furthermore, we are researching into a possible remedy regarding the government's failure to present you to a grand jury after your detention on May 29, 2002. Your signature and date on this letter will acknowledge personal review, after which I will retain the original and place it within your file.

               Sincerely,

               PEARSON CHRISTENSEN

               *Erin M. Diaz*

EXPANDED RECORD

NO. ___2___

Erin M. Diaz

EMD/pd

Dated this ____ *l* ____ day of July, 2002.

Michael Gamboa

STATE OF NORTH DAKOTA
# OFFICE OF ATTORNEY GENERAL
STATE CAPITOL
600 E BOULEVARD AVE DEPT 125
BISMARCK, ND 58505-0040
(701) 328-2210    FAX (701) 328-2226
www.ag.state.nd.us

Wayne Stenehjem
**ATTORNEY GENERAL**

**BUREAU OF CRIMINAL INVESTIGATION**
4205 STATE STREET, PO BOX 1054
BISMARCK, ND 58502-1054
(701) 328-5500  FAX (701) 328-5510
1-800-472-2185 (Toll Free)

November 15, 2005

Michael Gerald Gamboa #06940-059
USP Florence
PO Box 7000
Florence, Colorado 81226-7000

Dear Mr. Gamboa:

I received your letter requesting information on retention of our records and information on the open records request process.

Case files are retained for 15 years.  Case files contain case reports, supplements, closing reports, subpoenas, dispositions, affidavits, restitution of funds (copy), lab reports, other agency reports and correspondence regarding case, interviews, telephone conversations, drug buy and interview tapes, drug buy fund receipts, surveillance logs, evidence inventory, voluntary statements, consent to search, seizure and forfeiture information, and photos.  This falls under N.D.C.C. § 44-04-18.7.

There are many statutes that prohibit information from being released to the public.  The legal authority is dependent on what information is requested.  A denial of a request for records must describe the legal authority for the denial and must be in writing if requested per N.D.C.C. § 44-04-18(7).

There is a charge of $.25 per impression of a paper copy.  This includes one-sided or two-sided duplicated copies of a size not more than 8 1/2 by 14 inches.  For any copy of a record that is not a paper copy, we may charge a reasonable fee for making the copy, including the cost to our agency of making the copy, labor, materials, and equipment.  We charge the actual cost of postage to mail a copy of a record.  We may require payment before making or mailing the copy, or both.  We impose a fee of $25 per hour per request, excluding the initial hour, for locating records if locating the records requires more than one hour.  We impose a fee of $25 per hour per request, excluding the initial hour, for excising confidential or closed material under N.D.C.C. § 44-04-18.10.

I hope you find this information helpful.  If you have further questions, please feel free to contact me at 701-328-5500.

Sincerely,

Jerald C. Kemmet, Director
Bureau of Criminal Investigation

EXPANDED RECORD
NO.   3

EXPANDED RECORD
NO. _4_____

5-7-04

T/C Mike Combier

4

- 30 day ISSUE
  - Affidavit for warrant    Incessary for Fed cases
                924(c)
        = Fed Incessaron

- May 2n warrant.   when Applying for warrant
  Sought for Fed wolopruc.

    10 days   t   to return G.J

- when Sealed
    Groner v. Ramirez
      - must Show Mike Copy of warrant
      - Never did.
          actually Sealed it afterward.
          Orders went in'rae to cover what was don't.


- Speedy Trial Act
    3161
?    - 30 days for Transporation    ?
        Conviction is   20 advance date away.

- 2n 924(c)  included in 1st Indictment
  Complaint  v. Indictment.
      Affidavit Invorcies conveys the cus
      not charged in 1st Indictment

- Petition for Rehearing en banc - move is Preparing



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

March 1, 2006

Mr. Michael Gamboa
**06940-059
United States Penitentiary-Florence
Post Office Box 7000
Florence, CO 81226-7000

Dear Mr. Gamboa:

A copy of your letter which was forwarded from our Chicago Field Office, asking for information maintained by the FBI under the Freedom of Information Act (FOIA) concerning another individual is being returned to you.

Before we commence processing your request for records pertaining to another individual, we ask that you submit to the FBI either proof of death or a privacy waiver from that person. Proof of death can be a copy of a death certificate, obituary or a recognized reference source. Death is presumed if the birth date of the subject is more than 100 years ago. Without proof of death or a privacy waiver, the disclosure of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy. Such records, if they exist, are exempt from disclosure pursuant to Exemptions (b)(6) and/or (b)(7)(C) of the FOIA, Title 5, United States Code, Section 552.

Enclosed is a Privacy Waiver and Certification of Identity form. The subject of your request should complete this form and then sign it. Please note that mail addressed to the FBI is delayed several weeks due to increased security procedures now in place. **All signatures under the certification of perjury statement must be an original signature, as the FBI is no longer accepting faxed signatures. We must be able to read the signature.**

In order to ensure an accurate search of our records, please provide your subject's complete name, date of birth and place of birth, if you have not already done so.

Once you have provided us with the necessary information, as described above, we will conduct a search of our records and advise you of the results.

This response should not be considered an indication of whether or not records responsive to your request exist in FBI files.

Sincerely yours,

David M. Hardy /deh

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

EXPANDED  RECORD

NO.  5

**All Attached Correspondence Must Be Returned to the FBI With This Letter**

2/14/06

To: FBIHQ
    RMD/RIDS
    SRU/RM. 6359

Fm: Chicago
    CDC James M. Krupkowski  312-907-9948, fax 312-786-3940
    CG 190-A1

Re: Submission of FOIPA request

    Attached is one FOIPA request received in Chicago and submitted to FBIHQ for processing.



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

JUL 2 3 2003

Requester: Michael Gamboa                Request Number: 03-2259

Subject: FBI Agent Wilson

Dear Requester:

The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act and/or Privacy Act request.  The EOUSA is the official record keeper for all records located in this office and the various United States Attorney's offices.

You requested information which is not information maintained by the EOUSA or by the individual United States Attorney's Offices, but is maintained by the Federal Bureau of Investigation (FBI). Please contact the FBI directly at the following address:

Federal Bureau of Investigation
FOIPA Section
935 Pennsylvania Avenue, N.W.
Department of Justice
Washington, DC 20534

This is the final action that this office will take on your request.

Sincerely,

*Marie A. O'Rourke*

Marie A. O'Rourke
Assistant Director

Form No. 042 - 6/02

EXPANDED RECORD

NO. ___6___

Case Number: C3-02-47-01

## MICHAEL GAMBOA

## OUT OF COURT HOURLY WORKSHEET

Voucher Number(s):

| Date | Brief Description of Services | Interviews and Conferences | Obtaining and Reviewing Records | Legal Research and Brief Writing | Travel Time | Investigative and Other Work |
|------|------------------------------|---------------------------|--------------------------------|----------------------------------|-------------|------------------------------|
| 12/19/02 | Draft and file application for Writ of Habeaus Corpus; Rolando Gamboa, Robert Gamboa; Alfredo Sernia | | | 1.9 | | |
| | Complete witness cross examination | | | 2.5 | | |
| | Continue work on defense witness direct testimony | | | 3.0 | | |
| | Research | | | .8 | | |
| 12/20/02 | Telephone conference with Jim Becker re: rules for CI's | .2 | | | | |
| 12/22/02 | Trial prep.; discovery review; review jury instructions, prepare witness exams | | 2.8 | | | |
| 12/23/02 | Receive message from court that there will be a hearing via telephone in less than one hour | .1 | | | | |
| | Telephone conference with Jim Hovey | .2 | | | | |
| | Prepare for hearing | | .3 | | | |
| | Telephone conference with Jim (2) | .2 | | | | |
| | Research and draft response to motion in Limine | | | 1.7 | | |
| | Telephone conference with Steve Light re: potential expert | .1 | | | | |
| | Draft motion for change of venue | | | 1.1 | | |
| | Draft letter to Court re: subpoena justification | | | | | .4 |
| 12/23/02 | Telephone conference with Mike's sister re: unfair publicity | .1 | | | | |
| | Telephone conference with client | .1 | | | | |
| | Telephone conference with Margaret re: hearing on Motion in Limine; draft letter for Judge Webb re: public authority | 1.0 | | | | |
| | Trial preparation | | 1.5 | | | |
| | PAGE TOTAL | 2 | 4.6 | 11 | 0 | .4 |

# IN COURT HOURLY WORKSHEET

Case Number: C3-02-47-01

Voucher Number(s): _____

| Date | Brief Description of Services | Arraignment and/or Plea | Motions & Requests | Bail Hearings | Sentence Hearings | Trial | Revocation Hearings | Appeals Court | Other |
|---|---|---|---|---|---|---|---|---|---|
| 09/20/02 | Suppression Hearing | | | | | | | | 3.5 |
| 12/23/02 | Hearing via Telephone (MMJ) | | | | | | | | .5 |
| 12/30/02 | Trail day one; jury selection; jail visit with client | | | | | 7.0 | | | |
| 12/31/02 | Trail day two; prosecution case on client | | | | | 6.0 | | | |
| 01/02/03 | Trial day three; | | | | | 9.0 | | | |
| 01/03/03 | Trial day four | | | | | 9.0 | | | |
| 01/06/03 | Trial day five | | | | | 10.0 | | | |
| 01/07/03 | Trial day six; Defense case on client | | | | | 9.5 | | | |
| 01/08/03 | Trail day seven; prepare closing argument; conference with Mike; instruct jury; closing arguments | | | | | 4.6 | | | |
| 01/09/03 | Trail day 8; jury deliberations; telephone conference Darlene Jose; receipt of verdict; conference with client; hearing on forfeiture | | | | | 4.5 | | | |
| 01/21/03 | Change of plea hearing for Rollie and Eddie. | 1.75 1.8 | 0 | | | | | | |
| 04/16/03 | Sentencing in Fargo (11 hours total; minus 3 for lunch and waiting for Eddie's sentencing). | | | | 8.00 | | | | |
| | PAGE TOTAL | 1.75 1.8 | 0 | 0 | 8.00 | 59.6 | 0 | 0 | 4.0 |
| | GRAND TOTAL | 1.75 1.8 | 0 | 0 | 8.00 | 59.6 | 0 | 0 | 4.0 |

Page 1 of 1



FILED

SEP 22 1999

EDWARD J. KLECKER, CLERK
U.S. DISTRICT COURT-NORTH DAKOTA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
### NORTHEASTERN DIVISION

UNITED STATES OF AMERICA,   )
                                   )    Criminal No. C2-99-36-11
          Plaintiff,     )
                                   )    **PLEA AGREEMENT**
     -vs-                   )
                                   )
ROBERT GAMBOA,          )
                                 )
         Defendant.    )

Pursuant to Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure, the

United States of America by its attorneys John Schneider, United States Attorney for the

District of North Dakota, and Keith W. Reisenauer, Assistant United States Attorney, the

defendant, Robert Gamboa, and his attorney, Todd Burianek, hereby agree to the

following:

    1.  Defendant acknowledges that the Superseding Indictment in this case charges

violations of Title 21, United States Code, Sections 846 and 841(a)(1), and Title 18,

United States Code, Section 2.

    2.  Defendant has read the charges against him in the Superseding Indictment, and

his attorney has fully explained the charges to him.

    3.  Defendant fully understands the nature and elements of the crimes with which

he has been charged.

    4.  Defendant will voluntarily plead guilty to Count One of the Superseding

Indictment in this case.

EXPANDED RECORD

NO.   **7**

5. Defendant agrees that this Plea Agreement shall be filed and become a part of the court record.

6. Defendant will plead guilty because he is in fact guilty of the charge contained in Count One of the Superseding Indictment. In pleading guilty to this count, defendant acknowledges that:

From on or about April 1998, and continuously until the date of this indictment, in the District of North Dakota, and elsewhere,

JOSE ANDRES DELOSSANTOS;
JOSE LNU;
JORGE LUIS MARTINEZ-BUENDIA;
RICHARD DUANE BRANDVOLD JR.;
RALPH EUGENE DIXON JR.;
THONYA LEE ROED;
SHAWN M. GIBREE;
ROLAND LEFEBVRE JR.;
JOHN ALLEN RUSSELL, a/k/a J. J. RUSSELL;
JOSEPH A. McGURRAN, a/k/a JOE McGURRAN; and
ROBERT GAMBOA

did knowingly and intentionally combine, conspire, confederate, and agree together with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

2

1.  It was a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute methamphetamine, a Schedule II controlled substance, within the States of North Dakota, Minnesota, California, and elsewhere.

2.  It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities.

3.  It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities.

4.  It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions.

5.  During the course of said conspiracy, members of the conspiracy, both known and unknown to the grand jury, transferred or had transferred methamphetamine from the State of California to the States of North Dakota and Minnesota for distribution.

6.  During the course of said conspiracy, members of the conspiracy performed certain overt acts, including the following:

a.  On or about August 18, 1998, JOSE ANDRES DELOSSANTOS distributed approximately one pound of methamphetamine to RICHARD DUANE BRANDVOLD JR., RALPH EUGENE DIXON JR., and THONYA LEE ROED in Barstow, California.

b.  That the above one pound of methamphetamine was distributed by members of the conspiracy including RICHARD DUANE BRANDVOLD JR., RALPH EUGENE DIXON JR., and THONYA LEE ROED to other members of the conspiracy for further

3

distribution including JOSEPH A. McGURRAN, a/k/a JOE McGURRAN, SHAWN M.

GIBREE, and JOHN ALLEN RUSSELL, a/k/a J. J. RUSSELL.

    c.  On or about August 27, 1998, JOSE ANDRES DELOSSANTOS, JOSE LNU,

and JORGE LUIS MARTINEZ-BUENDIA distributed approximately two pounds of

methamphetamine to RICHARD DUANE BRANDVOLD JR. and THONYA LEE

ROED in Barstow, California.

    d.  The above two pounds of methamphetamine were distributed by members of

the conspiracy including RICHARD DUANE BRANDVOLD JR., THONYA LEE

ROED, and RALPH EUGENE DIXON JR., for further distribution to other members of

the conspiracy including ROBERT GAMBOA.

    e.  On or about September 19, 1998, JOSE ANDRES DELOSSANTOS distributed

approximately two pounds of methamphetamine in Barstow, California, to RICHARD

DUANE BRANDVOLD JR. and another individual known to the grand jury.

    f.  The above two pounds of methamphetamine were distributed by members of

the conspiracy including RICHARD DUANE BRANDVOLD JR. and RALPH EUGENE

DIXON JR. to other members of the conspiracy for further distribution.

    g.  On or about October 23, 1998, JOSE ANDRES DELOSSANTOS and JOSE

LNU distributed approximately two pounds of methamphetamine to RICHARD DUANE

BRANDVOLD JR. and THONYA LEE ROED in Barstow, California.

h. The above methamphetamine was transferred by RICHARD DUANE BRANDVOLD JR. and THONYA LEE ROED to RALPH EUGENE DIXON JR. in Boise, Idaho.

i. The above two pounds of methamphetamine were then distributed by members of the conspiracy including THONYA LEE ROED and RALPH EUGENE DIXON JR. to other members of the conspiracy for distribution.

j. On or about November 21, 1998, JOSE ANDRES DELOSSANTOS distributed approximately two pounds of methamphetamine to RICHARD DUANE BRANDVOLD JR. in Barstow, California.

k. The above two pounds of methamphetamine were retrieved at the Grand Forks Airport by co-conspirators RALPH EUGENE DIXON JR. and ROLAND LEFEBVRE JR.

l. The above two pounds of methamphetamine were distributed by co-conspirators RALPH EUGENE DIXON JR. and THONYA LEE ROED to other members of the conspiracy, including ROLAND LEFEBVRE JR.

m. On or about December 14, 1998, JOSE ANDRES DELOSSANTOS distributed approximately three pounds of methamphetamine to RALPH EUGENE DIXON JR. and other members of the conspiracy in Barstow, California.

n. The above three pounds of methamphetamine were distributed by members of the conspiracy, including THONYA LEE ROED and RALPH EUGENE DIXON JR., to other members of the conspiracy, including JOHN ALLEN RUSSELL, a/k/a J. J.

5



RUSSELL, and JOSEPH A. McGURRAN, a/k/a JOE McGURRAN, for further distribution.

o. On or about February 23, 1999, JOSE ANDRES DELOSSANTOS distributed approximately two pounds of methamphetamine in Barstow, California, to RALPH EUGENE DIXON JR. and other individuals known to the grand jury.

p. On or about April 28, 1999, JOSE ANDRES DELOSSANTOS and JORGE LUIS MARTINEZ-BUENDIA distributed approximately twelve pounds of methamphetamine in Barstow, California, to RALPH EUGENE DIXON JR. and other individuals known to the grand jury;

In violation of Title 21, United States Code, Section 846.

7. Defendant understands the count to which he will plead guilty carries the following penalties:

Count One:

(a)  A maximum penalty of 40 years imprisonment.  A minimum mandatory penalty of five years imprisonment.  A maximum fine of $4,000,000.  A special assessment of $100.  A period of supervised release of at least four years.  The defendant agrees that he will pay to the Clerk of United States District Court the $100 special assessment on or before the day of sentencing.

6

8.  Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a)  The right to a speedy public jury trial with all the rights pertaining thereto, among others:  the presumption of innocence, proof beyond a reasonable doubt, confrontation and cross-examination of witnesses, the right to subpoena and present witnesses of his own and a unanimous verdict.

(b)  The right to remain silent.  The judge will likely ask the defendant questions about his criminal conduct to ensure that there is a factual basis for his plea.

9.  Defendant understands that by pleading guilty he is giving up all the rights set forth in the prior paragraph and that there will be no trial.  Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

10.  Pursuant to Rule 11(e) of the Federal Rules of Criminal Procedure, the parties agree that the defendant will be sentenced in accordance with the United States Sentencing Commission, Guidelines Manual, (Nov. 1998) (USSG).  Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.

11.  The defendant agrees that he will fully cooperate with the United States, its agencies, and other law enforcement agencies in any investigation in which he is called upon to cooperate that is related to or results from the charges in this case.  Defendant's cooperation will include his truthful testimony, if called upon to testify, before any federal grand jury and United States District Court or other proceeding.

12.  The defendant will assist the United States fully in the recovery of any assets, either domestic or foreign, which have been acquired either directly or in directly through the unlawful drug trafficking activities of his co-defendants, co-conspirators, or other drug traffickers or which were used or intended to be used to facilitate the unlawful drug activities of his co-defendants, co-conspirators, or other drug traffickers.

The defendant will prevent the disbursement of any monies and sale of any property or assets derived from unlawful drug activities as well as those assets used or intended to be used to facilitate unlawful drug activities, if the disbursements or sales are within the defendant's direct or indirect control.

If the United States deems it necessary, the defendant will submit to a government polygraph examination concerning the truthfulness of his disclosure of assets.

13.  This plea agreement is binding only upon the United States Attorney for the District of North Dakota.  This agreement does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor.  They remain free to prosecute the defendant for any offenses under their jurisdictions.  This plea agreement also does not bar or compromise any civil or administrative claim pending

8

or that may be made against the defendant.  This plea agreement does not bind the Tax Division of the United States Department of Justice or the Internal Revenue Service. They remain free to collect any taxes, interest or penalties from the defendant.

14.   Defendant understands that the United States Attorney reserves the right to notify any state or federal agency by whom defendant is licensed, or with whom defendant does business, of defendant's conviction.

15.   The parties stipulate that the base offense level under the sentencing guidelines for the defendant's relevant conduct is 26.  (USSG § 2D1.1(c)(7))  The parties further stipulate that there is a minimum mandatory term of imprisonment of five years pursuant to Title 21, United States Code, Section 841(b)(1)(B).

16.   The United States agrees to recommend a three-level downward adjustment for "acceptance of responsibility."  (USSG § 3E1.1(a) and (b)(2))

17.   There may be other upward or downward adjustments applicable in this case that the parties have not agreed upon.

18.   At the time of sentencing, the United States will

(a)  recommend a sentence at the lower end of the guidelines, or the minimum mandatory, whichever is greater;

(b)  move to dismiss the remaining count of the Superseding Indictment.



19.  The defendant acknowledges and understands that if he violates any term of this agreement, engages in any further criminal activity, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the United States.

20.  If, in the opinion of the United States Attorney, the defendant has met all of his obligations under the plea agreement and provided full, complete, and truthful information and testimony, the United States agrees to file, at the time of sentencing, a motion for downward departure pursuant to USSG § 5K1.1, based upon the defendant's substantial assistance.

However, if the defendant's assistance is not complete at the time of sentencing, then, after the defendant has been sentenced and at the conclusion of the defendant's assistance to the United States, if, in the opinion of the United States Attorney, the defendant has met all his obligations under the plea agreement and provided full, complete, and truthful information and testimony, the United States agrees to file a motion for reduction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure, based upon the defendant's substantial assistance.

21.  The United States agrees that USSG § 1B1.8 is applicable to the defendant. Any information provided by the defendant, other than that charged in the Indictment, in connection with his assistance to the United States, including debriefing and testimony, will not be used to increase his sentencing guideline level or used against him for further prosecution, if, in the opinion of the United States Attorney, the defendant has met all of his obligations under the plea agreement and provided full, complete, and truthful



information and testimony.  However, nothing revealed by Robert Gamboa during his debriefings and testimony would preclude his prosecution for any serious violent crimes.

22.  If Robert Gamboa should fail in any way to cooperate fully, completely, and truthfully, the United States will be released from its commitments and this agreement will be null and void.  Nothing in this agreement will prevent the United States from prosecuting Robert Gamboa for perjury, false statement, or false declaration if Robert Gamboa commits such acts in connection with this agreement or otherwise.

23.  The defendant acknowledges the provisions of Title 18, United States Code, Section 3663A, that requires the court to issue an order of restitution, and agrees to accept responsibility for paying such amount under such terms as may be ordered by the court.

24.  Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement, to induce defendant to plead guilty.

25.  It is understood by the parties that the sentencing judge is neither a party to nor bound by this agreement and is free to impose the maximum penalties as provided by law.

26.  Defendant is aware of the right to appeal provided under Section 3742(a) of Title 18, United States Code.  Defendant hereby waives this and any right to appeal the Court's entry of judgment against him and waives any right to appeal the imposition of sentence upon him under Section 3742(a) of Title 18, United States Code, including any

11

issues that relate to the establishment of the Guideline range, reserving only the right to appeal from an upward departure from the Guideline range that is established at sentencing. Defendant further waives all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Section 2255 of Title 28, United States Code. Defendant specifically acknowledges that the Eighth Circuit Court of Appeals has upheld the enforceability of a provision of this type in <u>United States v. His Law,</u> 85 F.3d 379 (8th Cir. 1996). Therefore, defendant understands that any appeal or other post-conviction relief that he might seek should be summarily dismissed by the court in which it is filed.

27. Defendant understands that, with respect to sentencing, this plea agreement is reached pursuant to Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure and <u>not</u> Rule 11(e)(1)(C). Defendant understands that the recommendations concerning the sentence to which the attorneys have agreed herein are not binding on the court or on the Probation and Pretrial Services Office. Defendant further understands that if the court or the Probation and Pretrial Services Office do not accept any or all recommendations or requests, the defendant nevertheless has no right to withdraw the guilty plea.

28. The undersigned Assistant United States Attorney and attorney for the defendant agree to abide by the provisions of Rule 32.1CR of the Local Rules for the United States District Court for the District of North Dakota. Pursuant to Rule 32.1CR(B)(3), the undersigned attorneys acknowledge their obligation to attempt,

using good faith efforts, to resolve any disputes regarding the Presentence Investigation

Report (PSIR) through a presentence conference and other informal procedures.

AGREED:

JOHN SCHNEIDER
United States Attorney

Dated: _____9/22/99_____   By: _____

KEITH W. REISENAUER
Assistant United States Attorney

Dated: _____9-15-99_____   _____

ROBERT GAMBOA
Defendant

Dated: _____9-22-99_____   _____

TODD BURIANEK
Attorney for Defendant

13



# PEARSON
# CHRISTENSEN
# & CLAPP, PLLP

The Legal Advantage

24 North 4th Street
P.O. Box 5758
Grand Forks, ND 58206-5758

PHONE: (701) 775-0521
FAX: (701) 775-0524

**James D. Hovey**
jhovey@grandforkslaw.com

September 17, 2007

Michael Gamboa
OID #06940-059
Federal Correctional Complex
United States Penitentiary Coleman 2
P.O. Box 1034
Coleman, FL  33521

RE:    USA v. Gamboa
       Our File No. 9972.002

Dear Mike:

I am in receipt of your correspondence dated September 6, 2007 which I received on September 17, 2007.  Your requests have been noted and I have passed them along to our bookkeeper and accountant for preservation of any of the documents that may still exist within the parameters of your request.  You had earlier indicated that you were proceeding with a 2255 motion for habeas relief.  As such, it is my intention to deal with any issues of document disclosure within the parameters of that proceeding.  If you have any questions, do not hesitate to contact me.

Sincerely,

PEARSON CHRISTENSEN & CLAPP, PLLP

James D. Hovey

JDH:no

EXPANDED RECORD

NO.    8

A Regional Law Firm Since 1958 with Offices in Grand Forks, North Dakota and Grafton, North Dakota
Serving North Dakota, Minnesota and Montana



# Law Office of Steven J. Simonson

ATTORNEY-AT-LAW
LICENSED IN ALL ND STATE AND FEDERAL COURTS

910 SOUTH WASHINGTON STREET- SUITE A
GRAND FORKS, ND 58201

**TEL: (701) 775-4987   FAX: (701) 775-5016**

September 7, 2004

PENNY MILLER
CLERK OF ND SUPREME COURT
600 E BOULEVARD AVE, DEPT 180
BISMARCK, ND 58505-0530

RE:   **Gamboa vs. State**
Supreme Court No: 20040128
Grand Forks County No: 96-K-0619

Dear Ms. Miller:

This letter acknowledges your letter of August 18, 2004 indicating a September 9, 2004 deadline for the filing of the Appellant's Brief.

Mr. Gamboa has sent communication to my office that I have a conflict of interest in representing him. Further investigation of my case data base indicates truth in Mr. Gamboa's assertions. I have discussed this matter with Judge Debbie Kleven and the senior indigent defense counsel for our area, and it was decided that I should petition to withdraw on the basis of conflict of interest as well.

I have, on this date, filed with the Clerk of Court, Grand Forks County, a motion to withdraw as counsel on the basis of conflict of interest. I anticipate the court to appoint another attorney to represent Mr. Gamboa. As a result, I will be unable to file a brief by September 9, 2004.

Sincerely,

Steven J. Simonson

cc:   Thomas Falck, Asst. State Atty

EXPANDED RECORD
NO. ____9____

# PEARSON
# CHRISTENSEN
# & CLAPP, PLLP

The Legal Advantage

24 North 4th Street
P.O. Box 5758
Grand Forks, ND 58206-5758

PHONE: (701) 775-0521
FAX: (701) 775-0524

**James D. Hovey**
jhovey@grandforkslaw.com

August 20, 2007

Michael Gamboa OID #06940-059
Federal Correctional Complex
United States Penitentiary Coleman
P.O. Box 1034
Coleman, FL  33521

RE:   USA v. Gamboa
      Our File No. 9972.002

Dear Mr. Gamboa:

I am in receipt of your correspondence dated August 9, 2007 which I received on August 20, 2007.   Your correspondence indicates that you are contemplating filing a 2255 and asserting a claim of ineffective assistance of counsel.   Based on those assertions the 2255 proceeding is the more appropriate venue within which to answer your questions.   As such I will defer responding until the appropriate time.   Thank you for your understanding.

Sincerely,

PEARSON CHRISTENSEN & CLAPP, PLLP

James D. Hovey

JDH:no

EXPANDED RECORD

NO.   10