```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NORTH DAKOTA
                    SOUTHEASTERN DIVISION
```

Michael Gerald Gamboa,            )
                                  )
               Petitioner,        )
                                  )   Criminal No. 3:02-cr-47-01
          vs.                     )   Civil No. 3:07-cv-100
                                  )
United States of America,         )
                                  )
               Respondent.        )

### Memorandum Opinion and Order

Before the Court is a motion by petitioner, Michael Gerald Gamboa ("Gamboa"), pro se, pursuant to 28 U.S.C. § 2255 (doc. #436).[1] Gamboa filed his petition on November 13, 2007 (doc. #436), but the Court declined review pending his appeal with the Eighth Circuit Court of Appeals. The Eighth Circuit has now ruled on the appeal, and accordingly the Court may now rule on the petition. For reasons set forth below, the § 2255 motion is **DENIED.**

Gamboa has also filed a number of motions related to the § 2255 motion that the Court will address now. The Court first notes that it is well-informed of the issues in this case due to its extensive involvement over the past six and a half years. In addition, the Court has considered Gamboa's proposed expanded record in its ruling, as well as his later filed supplements, and

---

[1] All citations to the record are to the criminal docket, case no. 3:02-cr-47-01.

thus his Motion Seeking Leave to Expand the Record (doc. #440) is **GRANTED** to that extent.  However, Gamboa's further briefing of the issues is unnecessary.  The § 2255 motion, along with the files and records of the case, conclusively show that the petitioner is entitled to no relief.  See 28 U.S.C. § 2255(b).  Thus, Gamboa's Motion for an Evidentiary Hearing (doc. #441) and his Motion for an Oral Argument Hearing (doc. #443) are **DENIED**.  Necessarily, his Motion to Appoint Counsel (doc. #438) to represent him in these hearings is also **DENIED**.

The Court finds that the issues are well-developed in Gamboa's § 2255 motion and further discovery is unwarranted.  Therefore, Gamboa's Motion for Discovery (doc. #445) and Second Motion for Discovery (doc. #454) are **DENIED**.  In conjunction with this ruling, Gamboa's Motion for Transcripts of Proceedings (doc. #442) and Motion to Compel Production of Records (doc. #444) are also **DENIED**.  Finally, Gamboa's Motion Seeking Leave to Amend (doc. #446) is **DENIED**.  The Court has a sufficient basis in Gamboa's fifty-six page § 2255 motion, along with subsequently filed supplements and the record before it, to fairly and adequately address the issues below.

I.   BACKGROUND

On September 13, 2002, the Government filed a superseding indictment charging Gamboa with eight counts (doc. #62).  Three counts charged violations of Title 21 of the United States Code

for controlled substance offenses.  Four counts charged violations of Title 18 of the United States Code for possession of firearms and ammunition.  The last count involved criminal forfeiture under Title 21 of the United States Code.

The jury found Gamboa guilty on all counts on January 9, 2003 (doc. #226).  Gamboa was sentenced to Life on Counts One and Two, ninety days on Count Three, thirty years on Count Four, Life on Count Five, and ten years on Counts Six and Seven.  The imprisonment on Counts One, Two, Three, Six, and Seven was set to run concurrently, while the imprisonment on Count Four was set to run consecutively to these counts.  The Court also ordered that Count Five would run consecutively to Count Four.  Count Seven was later vacated by the Eighth Circuit Court of Appeals.

## II.   INEFFECTIVE ASSISTANCE OF COUNSEL

The motion asserts forty-seven grounds for relief, although in large part the arguments collectively charge ineffective assistance of counsel.  "A defendant faces a heavy burden to establish ineffective assistance of counsel pursuant to section 2255."  United States v. DeRoo, 223 F.3d 919, 925 (8th Cir. 2000).  First, the petitioner must show his attorney's representation was deficient and, second, he must show that the attorney's deficient performance prejudiced his case.  Id.  The reasonableness of counsel's conduct is judged at the time of the challenged conduct.  Strickland v. Washington, 466 U.S. 668, 690

(1984).  "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ."  Id.  In this case, Gamboa claims numerous grounds of ineffective assistance of counsel.  As discussed below, the Court does not find Gamboa's counsel was deficient, but even if counsel was deficient, Gamboa suffered no prejudice as a result of that deficiency.

    A.   **Counsel's Inadequacy or Failure to Move**

Gamboa asserts multiple grounds of ineffective assistance based upon his counsel's allegedly inadequate motions, or the absence of any motion at all.  Mere errors of judgment or mistaken choices of strategy by an attorney is not sufficient to warrant a finding of ineffective assistance of counsel.  U.S. v. Meyer, 417 F.2d 1020, 1023 (8th Cir. 1969).  In Meyer, the court held that "the failure to move for suppression of the evidence is a common trial tactic and was certainly reasonable."  Similarly, Gamboa's first three grounds, asserting that his counsel inadequately moved to suppress evidence, do not warrant a finding of ineffective assistance because they focus on his attorney's strategic choices in his trial.  Motions to suppress are often unsuccessful, and Gamboa provides no evidence to support a contrary holding in this matter.

Gamboa also asserts his counsel provided ineffective assistance by not moving to dismiss the indictment or seek other

relief in relation to an alleged Sixth Amendment violation of the Government.  In a separate ground, he claims counsel failed by not moving to dismiss the fugitive from justice count from the indictment.  Prejudice resulting from counsel's failure to file a motion occurs only if the motion would have been successful.  <u>United States v. Johnson</u>, 707 F.2d 317, 320 (8th Cir. 1983).  The indictment here was sufficient and thus Gamboa cannot show that a motion to dismiss on these grounds would have been successful.

The same result is true of Gamboa's claim that counsel failed to move to dismiss charges against him on grounds of outrageous Government conduct.  Contrary to this assertion, there is no evidence that the Government acted outrageously in pursuing the charges, and any motion by counsel would have been denied.  Another ground states counsel was ineffective for failing to move to dismiss the charges on the grounds that Government agents destroyed exculpatory evidence.  Gamboa cannot demonstrate any prejudice based upon counsel's failure to move for dismissal because he cannot show the motion would have been granted.  <u>Id.</u>

In ground six, Gamboa claims that his attorney failed to file a motion to recuse the judge based on the security measures taken in the trial.  Recusal is required if the judge has a personal bias against or in favor of a party, or if the judge's impartiality might be questioned.  <u>United States v. Martinez</u>, 446 F.3d 878, 883 (8th Cir. 2006).  In this case, the Court's

opinions were objectively based on facts introduced during the proceedings, and thus recusal would not have been justified because no deep-seated favoritism or antagonism was shown. <u>United States V. Sypolt</u>, 346 F.3d 838, 839 (8th Cir. 2003). Furthermore, Gamboa's claim that counsel should have moved to exclude co-conspirator testimony bearing on alleged threats made against the Court fails because he cannot show that any proffered motion would have succeeded.

**B.   Failing to Request and Object**

Similar to his failure-to-move arguments above, Gamboa argues his counsel was ineffective by failing to request or object to certain issues.  First, he claims counsel should have requested a continuance to secure the presence of witnesses. However, Gamboa fails to identify if these unnamed witnesses were available to testify at trial, what specific information each would provide, or how this information would change the outcome of the case.  <u>Barnett v. Roper</u>, 541 F.3d 804, 809 (8th Cir. 2008).  Thus, no prejudice has been shown.

The same is true of grounds nine and forty-six, in which Gamboa challenges the failure to call Steven Light as a witness and the relationship of counsel to Mr. Light.  While Gamboa alleges that Light would testify to the fugitive from justice count, he again neglects to mention how this information would change the outcome of the case.  <u>Id.</u>  Consequently, there is no

suggestion of prejudice by counsel's failure to call Mr. Light or the relationship between the two.

Ground twenty-five, which claims that the Court violated Gamboa's rights by excluding the testimony of Jim Becker, also fails. Gamboa loosely frames this as an ineffective assistance claim, despite its focus on the Court's actions. Regardless of this discrepancy, counsel was not ineffective for not challenging the Court's holding because Gamboa cannot show this would have been successful or changed the outcome in any way.

In grounds seventeen and eighteen, Gamboa states that he received ineffective assistance by counsel's failure to challenge, at sentencing, the validity of his prior convictions. If "a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then . . . the defendant may not collaterally attack his prior conviction through a motion under § 2255." <u>Daniels v. United States</u>, 532 U.S. 374, 382 (2001). Clearly, under <u>Daniels</u>, Gamboa may not now challenge the validity of his prior convictions because the presumption of validity that attached is conclusive.

In grounds twenty, twenty-one, and twenty-four, Gamboa challenges his counsel's action or inaction related to Government Exhibit 42, which he asserts was prejudicial. The exhibit dealt

with a warrant that was issued for a probation violation. Contrary to Gamboa's assertions, counsel did not fail to exercise reasonable diligence and skill by failing to object to this exhibit. The evidence under Exhibit 42 was relevant and admissible pursuant to Federal Rule of Evidence 402, and it should not have been excluded.

Finally, Gamboa claims his counsel was ineffective on oral arguments on appeal for failing to correctly answer questions regarding service of a warrant, and for failing to request a new trial. Gamboa invokes a "retroactive misjoinder" argument, by which he must demonstrate that he was subject to clear prejudice. United States v. Aldrich, 169 F.3d 526, 528 (8th Cir. 1999). As stated above, the matter before the Court is whether counsel was deficient and whether Gamboa suffered prejudice as a result, and once again, he cannot show counsel's motion for a new trial, if made, would have been granted. See Id. (holding that a new trial is necessary to avoid a miscarriage of justice).

### C. Theory of the Defense

Gamboa's multiple grounds discussed above relate to alleged inaction on the part of counsel in advocating his case. On the other hand, Gamboa challenges the defense theory tactics that were provided by counsel.[2] Each of these grounds concern an

---

[2] See grounds five, twenty-six, twenty-eight, twenty-nine, thirty, thirty-one, thirty-five, thirty-nine, and forty.

aspect of the defense theory that Gamboa now finds insufficient. Gamboa's complaints in themselves are not adequate, however, because he must show that counsel's representation fell below an objective standard of reasonableness.  Strickland, 455 U.S. at 687.  This is a tough burden to meet because counsel's performance is presumably within a wide range of reasonable assistance, particularly when analyzing issues regarding trial strategy, which are "virtually unchallengable."  Id. at 690. Here, counsel fulfilled its advocacy role by its choice and pursuit of an appropriate theory of defense.  Despite Gamboa's second-guessing at this time, counsel's choices were a matter of discretion that will not be criticized by the Court after the fact.  To the contrary, the Court notes that Gamboa's attorneys were competent, able, and effective in presenting a defense. Accordingly, Gamboa's defense theory grounds must fail.

**D.   924(c) Issues**

A major issue in Gamboa's case is the application of 18 U.S.C. § 924(c), which provides for an enhanced sentence for using or carrying a firearm during a drug trafficking crime, or possessing a firearm in furtherance of such crime.  Gamboa challenges several aspects related to section 924(c).[3]  These challenges are misguided, however, because even if counsel had

---

[3]  See grounds eight, eleven, twelve, thirteen, fourteen, sixteen, nineteen, and forty-seven.

taken Gamboa's proposed measures, the result would not have changed.  The jury was properly instructed on the "use" and "possession" elements of the offense, and the Court properly applied subsection (c)(1)(D)(ii), which provides that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed."  This is precisely what the Court did in Gamboa's sentencing.

This is also an area, like many others in Gamboa's § 2255 motion, where the underlying issue was affirmed on appeal by the Eighth Circuit Court of Appeals in United States v. Gamboa, 439 F.3d 796 (8th Cir. 2006).  Gamboa attempts to circumvent many of his claims which have been decided on appeal by labeling them as ineffective assistance of counsel claims.  See Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992) ("Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255").  While the Court will regard these 924(c) claims as ineffective assistance of counsel claims, as Gamboa alleges, they still must fail because Gamboa cannot meet his heavy burden of showing that counsel's performance was deficient and that it prejudiced his case.  DeRoo, 223 F.3d at 925.  Both the Court and the Eighth Circuit

ruled in favor of presenting the 924(c) claims to the jury in the way that was conducted. Thus, because the claims were correct as a matter of law, counsel would not have succeeded in challenging the claims as Gamboa suggests.

### E.    Security Measures

Gamboa's seventh ground relies on the "extra visible security measures" which he claims deprived him of a fair trial. While the Court believes this ground, similar to many others Gamboa asserts, is questionably disguised as an ineffective assistance claim, the end result remains the same. "When defense counsel vigorously represents his client's interests and the trial judge assiduously works to impress jurors with the need to presume the defendant's innocence, we have trusted that a fair result can be obtained." Holbrook v. Flynn, 475 U.S. 560, 567 (1986). Gamboa mistakenly presumes that he was prejudiced because of the security measures taken during his trial. He has shown no resulting prejudice, however, particularly from an ineffective assistance standpoint, because his attorneys continually advocated for his innocence and his best interests throughout trial.

### F.    Plea Advice

In grounds thirty-eight and forty-four, Gamboa insists that counsel was ineffective for failing to provide proper advice during plea negotiations. The Supreme Court established that

where "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985). The analysis does not turn upon a court's retrospective consideration of whether counsel's advice was right or wrong. McMann v. Richardson, 397 U.S. 759, 770-71 (1970). In this case, the Court cannot find that counsel's advice was outside the range of competence that is demanded. Gamboa even admits that counsel held question and answer sessions "informing me of the pros and cons of pleading guilty." This is also confirmed by a letter included in Gamboa's proposed expanded record from counsel to Gamboa, which describes the efforts of counsel to review the Government's offer and Gamboa's subsequent rejection.

Furthermore, Gamboa's ultimate decision to plead not guilty, rather than guilty, ensured that he did not forego his right to trial or other associated rights. While it is convenient to now say that he received improper plea advice because of the results of the trial, it does not rebut the presumption that counsel are presumed to be competent. Counsel exercised this competence by advising the petitioner of the pros and cons of a guilty plea, and thus Gamboa fails to meet the first prong under Strickland.

**G.    Issues Directed Toward the Court**

Finally, several grounds appear directed at the Court's alleged improprieties in handling the case.[4]  Once again, Gamboa claims these matters were not raised on direct appeal because they involve ineffective assistance of counsel.  See Swedzinkski v. United States, 160 F.3d 498, 500 (8th Cir. 1998) ("Because [the petitioner] did not raise [his] claim at trial or on direct appeal, the issue is procedurally defaulted").  To the extent these claims do involve ineffective assistance of counsel, they fail to meet the burden established in Strickland.

First, Gamboa challenges counsel's failure to object to select jury instructions provided by the Court.  The Court has broad discretion when it instructs the jury, and its instructions must fairly and adequately submit the issues to the jury.  United States v. Garcia-Gonon, 433 F.3d 587, 591 (8th Cir. 2006).  The Court's usual practice is to solicit proposed jury instructions from counsel, although it maintains its discretion to ultimately decide the substance and format of final jury instructions.  In this case, the Court fairly and adequately submitted instructions to the jury regarding entrapment and public authority.  See United States v. Mason, 902 F.2d 1434, 1440-41 (9th Cir. 1990); United States v. Achter, 52 F.3d 753, 755 (8th Cir. 1995); United

---

[4]  See grounds twenty-three, twenty-seven, thirty-two, thirty-four, forty-one, forty-two, and forty-three.

States v. Parker, 267 F.3d 839, 843-44 (8th Cir. 2001); Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit § 9.01 (2000).  Therefore, Gamboa cannot show he was prejudiced by any failure to object because the instructions were lawfully presented to the jury and there is no suggestion that the Court would have ruled in favor of an objection.

Gamboa's other grounds directed at the Court concern further matters involving discretion, including the Court's procedures regarding jury questioning, juror dismissal, and discovery management.  The Eighth Circuit has made clear that "[t]he administration of discovery rules and court procedures are left to the discretion of the trial court."  United States v. Banks, 494 F.3d 681, 685 (8th Cir. 2007).  Pursuant to this discretion, the Court conducted its trial procedure in a manner it saw fit for proper adjudication of the case.  Thus, yet again, Gamboa cannot show that counsel was deficient by not objecting to these procedures, or that any deficiency in objecting would have yielded a different result.  The Court is well-experienced in trial matters similar to those confronted by Gamboa, and it is clear that no prejudice has resulted from its rulings.

### III. CONCLUSION

Gamboa's grounds for relief fail to meet Strickland's two-pronged approach establishing ineffective assistance of counsel.  Counsel was competent and able in advocating on behalf of the

petitioner and any alleged deficiencies in performance failed to establish prejudice.

It is ordered that judgment is entered for the United States of America and against Michael Gerald Gamboa and his motion pursuant to 28 U.S.C. § 2255 be dismissed with prejudice.  In addition, the Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 444-445 (1962).  Based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings.  Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983).  Therefore, a certificate of appealability will not be issued by this Court.

If Petitioner desires further review of his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, he may request the issuance of a certificate of appealability by a circuit judge of the Court of Appeals for the Eighth Circuit in accordance with Tiedeman v. Benson, 122 F.3d 518, 520-522 (8th Cir. 1997).

**IT IS SO ORDERED.**

Dated this 12th day of December, 2008.

RODNEY S. WEBB, District Judge
United States District Court