```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NORTH DAKOTA
                    SOUTHEASTERN DIVISION
```

Michael Gerald Gamboa,            )
                                  )
            Petitioner,            )
                                  )    Criminal No. 3:02-cr-47-01
       vs.                         )    Civil No. 3:07-cv-100
                                  )
United States of America,          )
                                  )
            Respondent.            )

### Order Denying Motion to Amend

On December 12, 2008, the Court issued a Memorandum Opinion and Order denying the petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 (doc. #461). Before the Court now is a Motion to Amend the Order (doc. #462). In his motion, Gamboa asserts that, pursuant to Federal Rule of Civil Procedure 52(a), the Court is required to state specifically its findings of fact and conclusions of law on each of the over seventy legal grounds for relief.

Assuming Rule 52(a) requires specially stated facts and separate conclusions of law in this case, the Court's Memorandum Opinion and Order was nevertheless sufficient to satisfy the requirements under the rule. The Court's fifteen page order detailed its basis in rejecting Gamboa's forty-seven factual grounds for relief. Collins v. Henderson, 180 F.3d 988, 990 (8th Cir. 1999) ("It is well established that the trial court does not need to make specific findings on all facts but only must

1

formulate findings on the ultimate facts necessary to reach a decision.  Findings are adequate if they afford a reviewing court a clear understanding of the basis of the trial court's decision.") (citing Allied Van Lines, Inc. v. Small Business Administration, 667 F.2d 751, 753 (8th Cir. 1982)).  While the analysis largely centered around the ineffective assistance of counsel framework, the Court analyzed Gamboa's grounds in relation to this framework and stated its findings on the ultimate facts necessary to reach its decision.

Moreover, despite Gamboa's assertions that the Court did not mention particular phrases or address specific evidence in its order, "What Rule 52(a) does *not* require is a particularized finding on each piece of evidence presented by the parties." White Industries, Inc. v. Cessna Aircraft Co., 845 F.2d 1497, 1499 (8th Cir. 1988) (emphasis added).  See also Zack v. C.I.R., 291 F.3d 407, 412 (6th Cir. 2002) ("When evaluating whether the requirements of Rule 52(a) have been satisfied, we do not insist that trial courts make factual findings directly addressing each issue that a litigant raises.").  Surely, in a matter as expansive and intricate as this case, the Court cannot be expected to make a particularized finding on every single complaint raised by Gamboa.  Rather, the Court must "state its decision so that the parties and reviewing court understand what it has decided and why."  White Industries, 845 F.2d at 1499.  In

2

this case, the Court expressly walked through Gamboa's various grounds for relief and the applicable legal standards.  The Court reached its decision only after a thoughtful consideration of each issue and the applicable law.  Thus, the order is sufficiently detailed to enable an understanding of the Court's reasoning.  Accordingly, Gamboa's Motion to Amend is **DENIED**.

    **IT IS SO ORDERED.**

    Dated this 21st day of January, 2009.

/s/ Rodney S. Webb
RODNEY S. WEBB, District Judge
United States District Court