IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO** |
| | ) | **REDUCE SENTENCE** |
| vs. | ) | |
| | ) | Case No. 3:02-cr-47 |
| Michael Gerald Gamboa, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Michael Gerald Gamboa moves for a sentence reduction. Doc. 615. The United States opposes the motion. Doc. 628. Gamboa seeks a reduction in his sentence based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 ("FSA"). He also moves to appoint counsel (Doc. 634) and to appoint an expert (Doc. 637). For the reasons below, the motions are denied.

I. **BACKGROUND**

On January 9, 2003, a jury found Gamboa guilty of: (1) conspiracy to possess with intent to distribute methamphetamine, (2) possession with intent to distribute methamphetamine, (3) simple possession of cocaine, (4) using and carrying firearms during and in relation to a drug trafficking crime, (5) possession of firearms in furtherance of a drug trafficking crime, and (6) possession of firearms and ammunition by a convicted felon. Doc. 417. Gamboa was sentenced to life imprisonment on counts 1, 2, and 5; 90 days' imprisonment on count 3; 30 years' imprisonment on count 4; and 10 years' imprisonment on count 6. Id. The Court ordered counts 1, 2, 3, and 6 to run concurrently; count 4 to run consecutively to those sentences; and count 5 to run consecutively to the sentence imposed in count 4. Id. Gamboa appealed. The Eighth Circuit Court of Appeals, affirmed in part and reversed in part, with the reversal vacating a conviction on a seventh count,

which the amended judgment reflects. United States v. Gamboa, 439 F.3d 796 (8th Cir. 2006). The court affirmed the other six convictions. See id.

## II.     DISCUSSION

Because criminal sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). As one narrow exception to that rule, a court "may reduce the term of imprisonment" when "extraordinary and compelling reasons" exist and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission."[1] 18 U.S.C. § 3582(c)(1)(A)(i). The 18 U.S.C. § 3553(a) factors must also support the reduction. Id. The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016).

### A.     Administrative Exhaustion

With the enactment of the FSA, federal courts may grant compassionate release "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Gamboa has exhausted his administrative rights (Doc. 615-1).

### B.     Extraordinary and Compelling Reasons

The FSA does not define "extraordinary and compelling reasons." Since Gamboa originally filed his motion, several amendments were made to the United States Sentencing Guidelines Manual, including an amendment to the applicable policy statement articulating what

---

[1] In lieu of extraordinary and compelling reasons, the statute also permits a sentence reduction where a defendant is at least 65 years old and certain additional conditions are met. Gamboa is 48 years old, so this avenue for relief is foreclosed.

constitutes "extraordinary and compelling reasons." The applicable Sentencing Commission policy statement can be found at Section 1B1.13 of the 2023 Sentencing Guidelines Manual. Section 1B1.13 provides in relevant part:

> **(a) In General**. Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that–
>
> **\*\*\***
>
> **(b) Extraordinary and Compelling Reasons**. Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> > **(1)    Medical Circumstances of the Defendant**.
> >
> > > **(A)**   The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> > >
> > > **(B)**   The defendant is –
> > >
> > > > **(i)**    suffering from a serious physical or medical condition,
> > > >
> > > > **(ii)**   suffering from a serious functional or cognitive impairment, or
> > > >
> > > > **(iii)**  experiencing deteriorating physical or mental health because of the aging process,
> > >
> > > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> > >
> > > **(C)**   The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not

>   being provided and without which the defendant is at risk of
>   serious deterioration in health or death.
>
> \*\*\*
>
>   **(2)**   **Age of the Defendant**. The defendant (A) is at least 65 years old;
>   (B) is experiencing a serious deterioration in physical or mental
>   health because of the aging process; and (C) has served at least 10
>   years or 75 percent of his or her term of imprisonment, whichever is
>   less.

U.S.S.G. § 1B1.13. Section 1B1.13(b)(5)-(6) also include a modified "other reasons" category and a new "unusually long sentences" category. Id.

Gamboa primarily argues that his "extraordinary and compelling reasons" for a sentence reduction is the myriad of medical issues "which have compounded and been exacerbated over the years." Doc. 638 at 3. Compassionate release is appropriate when a petitioner is "suffering from a serious physical or mental condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B). The Court has reviewed well-over 1,300 pages of relevant medical records provided by the United States and Gamboa. See Doc. 615-3; Doc. 617; Doc. 646. It is apparent that Gamboa suffers from serious medical issues. Gamboa was hospitalized as a result of a COVID-19 and pneumonia infection in November 2020. Doc. 628 at 17-21. The medical records provided confirm he suffers from severe persistent asthma, interstitial lung disease, hypoxia, cough and dyspnea, bilateral lung scarring, type II diabetes, hypertension, hyperlipidemia, and morbid obesity.[2] Doc. 629 at 266; Doc. 629-2 at 234; Doc. 629-3 at 180. Given his serous medical conditions, the question then becomes whether Gamboa's combination of

---

[2] This is not an exhaustive list of conditions, but illustrates that Gamboa suffers from a large number of medical issues.

conditions substantially diminishes his ability to provide self-care within the prison environment. See U.S.S.G. § 1B1.13(b)(1)(B).

Courts generally rely on an inmate's ability to perform activities of daily living to determine whether the inmate can provide self-care. United States v. Bellamy, 2019 WL 3340699 at *4 (D. Minn. July 25, 2019); United States v. Mathison, 467 F. Supp. 3d 673, 680 (N.D. Iowa 2020). The relevant activities can include walking, eating, using the toilet, getting dressed, and taking medication. See generally Bellamy, 2019 WL 3340699; see also United States v. Handy, 2020 WL 2041666 (D. Md. April 28, 2020).

Here, the medical records provide no evidence of physical limitations that diminish Gamboa's ability to provide self-care. He does not require assistance to walk, eat, use the toilet, get dressed, take medication, or otherwise care for himself. More specifically, Gamboa's most recent medical status report does not list any restrictions on physical activities or note any need for assistance with his daily routine. Doc. 629-3 at 163-64. Also, the fact that Gamboa plans to work in the oil industry following his release (Doc. 615-8 at 5), while admirable, cuts against the argument that he cannot perform the basic activities of daily life. See United States v. Mitchell, No. 5:10-CR-50067-001, 2020 WL 544703, at *2 (W.D. Ark. Feb. 3, 2020) (the ability to work is inconsistent with an inability to provide self-care within the correctional facility); see also United States v. Warren, 456 F. Supp.3d 1083, 1087 (D. Minn. 2020) (plan to work as forklift operator cuts against argument that inmate was unable to provide self-care). In sum, Gamboa's medical conditions do not substantially diminish his ability to provide self-care.

Gamboa goes on to argue that extraordinary and compelling reasons exist because his medical issues have not been properly managed by the BOP. Doc. 638 at 12. Courts have discretion under the "other reasons" category to determine what circumstances constitute extraordinary and

5

compelling reasons. U.S.S.G. § 1B1.13(b)(5). Some courts have held that gross mismanagement or indifference to an inmate's medical conditions may constitute extraordinary and compelling reasons, though those cases predate the most recent amendments to the Sentencing Guidelines Manual. United States v. Almontes, 2020 WL 1812713, at *7 (D. Conn. Apr. 9, 2020); United States v. English., 2022 WL 17853361, at *5 (E.D. Mich. Dec. 22, 2022) (collecting cases).

Gamboa analogizes to United States v. Almontes, where a federal district court held the BOP had been so indifferent to an inmate's medical needs that it constituted extraordinary and compelling reasons. 2020 WL 1812713. In Almontes, the inmate in question suffered from serious spinal issues. Id. at 6. The BOP ignored a doctor's recommendation that the inmate undergo spinal decompression surgery. Id. at 7. As a result, his condition deteriorated, and the inmate began to lose control of his legs. Id. This led to difficulty walking as well as a number of falls. Id. For all practical purposes, the BOP's failure to manage the inmate's condition resulted in the inmate being unable to care for himself and the Court was unconvinced the inmate could improve under further BOP care. Id. Gamboa's situation is not analogous. There is no evidence that BOP neglect has put him in a position where he is no longer able to care for himself. Again, Gamboa has no physical or work limitations.

Gamboa's reliance on English is also misplaced. In English, the inmate was discovered to have a tumor located on a bone behind his eye. 2022 WL 17853361, at *1. The BOP then failed to act with any level of urgency in having a biopsy performed or confirming the results of the biopsy despite the court's directive to do so. Id. at 2-3. The Court cited the BOP's repeated delays, the serious health concerns of the inmate, and lack of treatment plan to support compassionate release. Id. at *6. Here, Gamboa's medical conditions have not been ignored, and there are no life-threatening issues. While it is clear that Gamboa would like his medical conditions to be treated

differently, that is insufficient to grant compassionate release. United States v. Frazier, 2020 WL 4003377, at *3 (S.D. Ill. July 15, 2020) (inmates are not entitled to all preferred treatment or that treatment take place in a certain amount of time in non-life threatening situations). Simply put, Gamboa's medical conditions, alone or in conjunction with the treatment he has received in prison, do not constitute extraordinary and compelling reasons for compassionate release.

Beyond his medical concerns, Gamboa also makes a sentencing disparity argument for compassionate release. He suggests that, if sentenced today, it is unlikely he would receive a life sentence. Doc. 615 at 23-24. As noted above, Section 1B1.13(b)(6) now permits consideration of changes in the law in limited circumstances and only within the framework of "unusually long sentences." That said, Gamboa's motion and all of the substantive briefing were filed before Section 1B1.13(b)(6) became effective. So, given the lack of substantive briefing on this issue, the Court declines to address the unusually long sentences category as a basis for relief in this order.

### III. CONCLUSION

The Court has extensively reviewed the entire record, the parties' filings, and the relevant legal authority. Gamboa's motion to reduce sentence (Doc. 615) is **DENIED**. The motion to appoint counsel (Doc. 634) and to appoint an expert (Doc. 637) are also **DENIED**.

**IT IS SO ORDERED**.

Dated this 15th day of February, 2024.

> */s/ Peter D. Welte*
> Peter D. Welte, Chief Judge
> United States District Court