**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO REDUCE SENTENCE** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 3:02-cr-47(1) |
| Michael Gerald Gamboa, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Michael Gerald Gamboa moves again for a sentence reduction. Doc. 657. The United States opposes the motion. Doc. 673. Gamboa seeks a reduction in his sentence based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 ("FSA"). As explained below, his motion is denied.

## I.    BACKGROUND

On January 9, 2003, a jury found Gamboa guilty of: (1) conspiracy to possess with intent to distribute methamphetamine, (2) possession with intent to distribute methamphetamine, (3) simple possession of cocaine, (4) using and carrying firearms during and in relation to a drug trafficking crime, (5) possession of firearms in furtherance of a drug trafficking crime, and (6) possession of firearms and ammunition by a convicted felon. Doc. 417. Gamboa was sentenced to life imprisonment on counts 1, 2, and 5; 90 days' imprisonment on count 3; 30 years' imprisonment on count 4; and 10 years' imprisonment on count 6. Id. The Court ordered counts 1, 2, 3, and 6 to run concurrently; count 4 to run consecutively to those sentences; and count 5 to run consecutively to the sentence imposed in count 4. Id. Gamboa appealed. The Eighth Circuit Court of Appeals, affirmed in part and reversed in part, with the reversal vacating a conviction on a seventh count,

which the amended judgment reflects. <u>United States v. Gamboa</u>, 439 F.3d 796 (8th Cir. 2006). The court affirmed the other six convictions. <u>See</u> <u>id.</u>

This is Gamboa's second motion for a sentence reduction and compassionate release. The Court previously denied his first motion to reduce sentence (Doc. 647). Gamboa appealed that decision (Doc. 648), and the Eighth Circuit summarily affirmed. Doc. 652.

## II.     **DISCUSSION**

Because criminal sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). As one narrow exception to that rule, a court "may reduce the term of imprisonment" when "extraordinary and compelling reasons" exist and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The 18 U.S.C. § 3553(a) factors must also support the reduction. <u>Id.</u> The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. <u>See</u> <u>United States v. Jones</u>, 836 F.3d 896, 899 (8th Cir. 2016).

### A.     **Administrative Exhaustion**

With the enactment of the FSA, federal courts may grant compassionate release "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Gamboa has exhausted his administrative rights (Doc. 657-1).

### B.     **Extraordinary and Compelling Reasons**

The FSA does not define "extraordinary and compelling reasons." But now, the United States Sentencing Guidelines Manual articulates what constitutes "extraordinary and compelling

reasons." The applicable Sentencing Commission policy statement is Section 1B1.13 of the Sentencing Guidelines Manual. Relevant here, Section 1B1.13(b)(6) states:

> **(6) UNUSUALLY LONG SENTENCE**.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

In his second motion, Gamboa specifically moves for compassionate release under Section 1B1.13(b)(6). He argues his life sentence is an unusually long sentence within the scope of Section 1B1.13(b)(6) and that he would receive a significantly shorter sentence if sentenced today. While his motion was pending, the United States Supreme Court granted petitions for a writ of certiorari in two relevant cases—(1) Rutherford v. United States, S. Ct. No. 24-820, and (2) Carter v. United States, S. Ct. No. 24-860. These consolidated cases asked whether disparities created by the FSA's nonretroactive change to 18 U.S.C. § 924(c)'s mandatory consecutive penalties can qualify as an "extraordinary and compelling" reason for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). In late May 2026, the Supreme Court decided the cases. See Rutherford v. United States, 608 U.S. __, Nos. 24-820, 24-860, 2026 WL 1485535, at *3 (U.S. May 28, 2026). The Supreme Court held that a nonretroactive amendment to a sentencing statute cannot serve as an "extraordinary and compelling reason" for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). It specifically held that Congress's nonretroactive change in 18 U.S.C. § 924(c)'s mandatory penalties cannot serve as an extraordinary and compelling reason for a sentence reduction, either "considered by itself or in combination with other factors." Id. at *3, *11. Moreover, Rutherford settled a circuit split and confirmed that nonretroactive changes in the law are not grounds for compassionate release under

3

18 U.S.C. § 3582(c)(1)(A). The Supreme Court's decision in <u>Rutherford</u> essentially invalidates Gamboa's argument for compassionate release under Section 1B1.13(b)(6) and is dispositive. Because of that, his motion to reduce sentence must be denied.

### C.   18 U.S.C. § 3553(a)

But even if Gamboa's argument for a sentence reduction was not foreclosed by <u>Rutherford</u> or other reasons, the 18 U.S.C. § 3553(a) factors do not support a sentence reduction. A court may only grant compassionate relief after consideration of the factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13(a). After review, the Court is not satisfied that Gamboa's release is consistent with the 18 U.S.C. § 3553(a) sentencing factors. Specifically, Gamboa was the principal leader of a massive drug trafficking operation based in Grand Forks and Fargo. He and his co-conspirators distributed hundreds of pounds of methamphetamine in that area between 2000 and 2002. The conspiracy also involved violence, intimidation, and the use of firearms. It is difficult to summarize in words the extent of Gamboa's criminal enterprise. Beyond that, his criminal history is significant and extensive. He has a history of drug trafficking and violence and poses a danger to the community. Put simply, the § 3553(a) factors heavily weigh against a sentence reduction.

## III.   <u>CONCLUSION</u>

The Court has extensively reviewed the entire record, the parties' filings, and the relevant legal authority. Gamboa's motion to reduce sentence (Doc. 657) is **DENIED**. Given that decision, the remaining ancillary motions in the docket (Docs. 680, 682, 686, 690, 695) are **MOOT**.

**IT IS SO ORDERED**.

Dated this 8th day of June, 2026.

/s/ Peter D. Welte
Peter D. Welte, Chief Judge
United States District Court

4